UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1145 [AHN] |
| | ) | |
| GAETANO MILANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1171 [AHN] |
| | ) | |
| LOUIS PUGLIANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1330 [AHN] |
| | ) | |
| FRANK A. PUGLIANO | ) | |

PETITIONER LOUIS PUGLIANO'S MOTION FOR RULE
54(B) JUDGMENT AS TO FAIR CROSS SECTION,
JURY SELECTION AND SERVICE ACT AND INEFFECTIVE
ASSISTANCE OF COUNSEL CLAIMS

Pursuant to Rule 54(b) of the Rules of Civil Procedure, Petitioner Louis Pugliano moves the Court for an order of final judgment as to his fair cross section and Jury Selection And Service Act claims so that he may proceed with his appeal of the Court's ruling on those claims. In support of this motion, Petitioner states:

1. Petitioner seeks relief pursuant to 28 U.S.C. §2255 in a petition which was filed in this Court in June, 1995. His original petition stated several claims for relief, two

1

of which are his claim [1] that the process by which his jury was selected violated the fair cross section requirement of the Sixth Amendment and several provisions of the Jury Selection and Service Act; and [2] that his trial counsel was ineffective for failure to assert these claims before trial.  The source bodies from which Appellant's jury was selected were the same as those from which the grand jury was drawn in United States v. Colon-Osorio, 801 F. Supp. 966 (D. Ct. 1992) and from which the trial jury was drawn in United States v. Jackman, 46 F3d 1240 (2nd Cir. 1995).  The Osorio ruling was made while Appellant's direct appeal was pending before the Court of Appeals and he sought to present his fair cross section claim in that proceeding, invoking Rule 52(b) of the Rules of Criminal Procedure.  The Court of Appeals declined to consider the claim because the record was inadequately developed.  United States v. Bianco, 998 F2d 1112, 1114 (2nd Cir. 1993).

    2.  Petitioner's jury selection-related claims, and the government's defense of procedural default, have been fully litigated before this Court, having been the subject of an evidentiary hearing on January 8, 2003.  On December 19, 2005 the Court denied Petitioner's fair cross section, JSSA and ineffective assistance of counsel claims on the ground that he had procedurally defaulted the first two by not raising them before his trial, and had failed to show cause and prejudice sufficient to excuse that default.  On January 23, 2006 Appellant filed his notice of appeal from that order.

    3.  In the terms in which it is expressed, the Court's December 19, 2005 does not finally dispose of all of Petitioner Pugliano's claims in this case, and so is not subject to appeal at this time, absent the entry of a Rule 54(b) determination by this Court.  Rule 54(b), Federal Rules of Civil Procedure.

4. For the reasons set forth in Petitioner's Memorandum In Support Of Motion For Rule 54(b) Judgment, this Court should issue a Rule 54(b) judgment permitting him to proceed forthwith with his appeal of the Court's December 19, 2005 order.

Respectfully submitted,
LOUIS PUGLIANO, PETITIONER

By /s/ John M. Thompson
John M. Thompson
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103
[413] 739-2100
Federal Bar # CT15144

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing document will be served upon counsel for all parties by first class mail, postage prepaid, addressed to each at his most recent address listed in the court's docket, on the 8th day of June, 2006.

/s/ John M. Thompson
John M. Thompson