UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No.  H-90-18 |
| vs. | ) | Civ. No. 3:95CV1145 [AHN] |
| | ) | |
| GAETANO MILANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No.  H-90-18 |
| vs. | ) | Civ. No. 3:95CV1171 [AHN] |
| | ) | |
| LOUIS PUGLIANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No.  H-90-18 |
| vs. | ) | Civ. No. 3:95CV1330 [AHN] |
| | ) | |
| FRANK A. PUGLIANO | ) | |

---

PETITIONER LOUIS PUGLIANO'S MEMORANDUM IN
SUPPORT OF MOTION FOR RULE 54(B) JUDGMENT
AS TO FAIR CROSS SECTION, JURY SELECTION
AND SERVICE ACT AND INEFFECTIVE ASSISTANCE
OF COUNSEL CLAIMS

---

A request for a Rule 54(b) determination is addressed to the discretion of the

District Court.  Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8 (1980);

Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956) [The district court is "the

one most likely to e familiar with the case and with any justifiable reason for delay."].  In

determining whether to grant a requested Rule 54(b) determination, the District Court

1

considers whether the moving party has established two propositions: [1] whether the partial adjudication has finally resolved the claim or claims in question; and [2] whether there is "no just cause for delay."  Rule 54(b).  In effect, the District Court acts as a "dispatcher," exercising its "sound judicial discretion" to determine the "appropriate time" when "each final decision in a multiple claims action is ready for appeal."  Curtiss-Wright, 446 U.S. at 8.

A.  Petitioner's Fair Cross Section, JSSA and Ineffective Assistance of Counsel Claims Have Been Finally Adjudicated.

A claim is adjudicated to finality when there is nothing more for the Court to do on the claim but await the conclusion of the remaining aspects of the litigation.  Curtiss-Wright, supra, 446 U.S. at 7; Information Resources, Inc. V. Dun & Bradstreet Corp., 294 F3d 447, 451-452 (2nd Cir. 2002).  As the Court's December 19, 2005 treatment of them demonstrates, Petitioner's fair cross section, JSSA and ineffective assistance of counsel claims form a distinct set of claims which have been finally adjudicated.  All three depend upon a core set of facts and the legal issues are inextricably interwoven.  The fair cross section and JSSA claims were not adjudicated on their merits, but the Court's determination that they were procedurally defaulted fully disposes of them, and the Court's determination that Petitioner's ineffective assistance of counsel claim was not established finally determines that issue as well.  There is nothing further to be done on any of these claims except to await the final determination of the other claims still being litigated.

B.  There Is No Just Cause To Delay The Appeal Of These Issues.

On this point, the District Court must carefully balance the needs of the parties

2

for an immediate appeal against the general policy discouraging piecemeal appeals. Rule 54(b) certification should be reserved for "the infrequently harsh case" where a real danger of hardship or prejudice might be caused by delay, and could be alleviated by an immediate appeal. L.B. Foster Co. v. American Piles, Inc., 138 F3d 81, 86 (2nd Cir. 1998). This is such a case.

Certification under Rule 54(b) will not result in unnecessary appellate review; the claims already finally adjudicated are distinct and independent of the remaining claims; review of the finally adjudicated claims will not be mooted by any future developments in this case; and the nature of these finally adjudicated claims is such that they will not have to be decided again even if an appeal is taken from the ruling on the remaining claims. See, Curtiss-Wright, 446 U.S. at 5-6.

Habeas corpus is fundamentally an equitable remedy, and strong equitable considerations militate in favor of allowing Petitioner to proceed now with his appeal of the Court's December 19, 2005 ruling. Petitioner Louis Pugliano is 78 years old and in failing health. He filed his Section 2255 petition 11 years ago, and, owing to a number of factors, the pace of the litigation has been very slow. The Court's procedural default ruling is final but stops short of determining the merits of Mr. Pugliano's JSSA and fair-cross section claims. At the same time, the merits of these claims have been completely and thoroughly litigated: the Court has held an evidentiary hearing to establish the facts underlying the merits of them. Mr. Pugliano's appeal of the December 19, 2005 ruling is much more likely to be meaningful now than it might be a year or two in the future. See, Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F3d 11, 16 (2nd Cir. 1997) [Where a delay in appeal presents a real risk of hardhship or

3

injustice that can be avoided by an immediate appeal, certification is appropriate]. In the event the Court of Appeals were to determine that this Court erred in its procedural default ruling and remanded the case for judgment on the merits, valuable time will have been lost if Mr. Pugliano has been required to wait for the final resolution of all of the claims of each petitioner before taking this appeal. If this appeal is allowed to proceed now, and is successful, in all likelihood a remand of the jury composition issues would put the Court in a position to rule on the merits of all of the Petitioners' claims at the same time.

There is no substantive relationship between Mr. Pugliano's jury composition claims, and either the roving bug warrant claim of Mr. Milano or Mr. Pugliano's and Mr. Milano's Rovario claim concerning the non-disclosure of Mercurio's role in the case, so there is no likelihood that any discovery or ruling on either of those issues would prompt the Court to alter its ruling on the jury composition claims. Thus there is no concern that later actions by the Court might undermine the finality of its ruling on the jury composition claims.

CONCLUSION

The Court's December 19, 2005 ruling is a final ruling on Petitioner's jury composition and ineffective assistance of counsel claims. The Court should certify these claims for immediate appeal because that step will actually facilitate the efficient disposition of the entire case and because, absent an immediate appeal, there is a distinct possibility that Petitioner may not live through the conclusion of this litigation.

4

Respectfully submitted,
LOUIS PUGLIANO, PETITIONER

By _____
John M. Thompson
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103
[413] 739-2100
Federal Bar # CT15144

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing document will be served upon counsel for all parties by first class mail, postage prepaid, addressed to each at his most recent address listed in the court's docket, on the 8th day of June, 2006.

_____
John M. Thompson

5