UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1145 [AHN] |
| | ) | |
| GAETANO MILANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1171 [AHN] |
| | ) | |
| LOUIS PUGLIANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1330 [AHN] |
| | ) | |
| FRANK A. PUGLIANO | ) | |

PETITIONER LOUIS PUGLIANO'S ASSENTED-TO
MOTION FOR LEAVE TO AMEND MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

Petitioner Louis Pugliano moves the Court for leave to amend his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. §2255 to add his claim that his trial counsel provided him ineffective assistance of counsel at sentencing, and states in support:

1. On or about June 19, 1995 Petitioner filed his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. §2255 asserting [1] that his Sixth

1

Amendment fair cross section rights and [2] that his rights under Section 1863 of the Jury Service and Selection Act were violated by the manner in which this district's jury composition system malfunctions affected the composition of the source bodies from which his trial jury was selected, and [3] that his trial counsel was ineffective in failing to present that claim to the district court before trial. Based on subsequent developments, Petitioner amended his petition to add the claim that his right to due process of law was violated by the Government's pretrial failure to disclose that a Government informant had been a witness to, and participant in, the conspiracy with which he was charged.

2. Extensive litigation and discovery have led to the point where the parties desire to compromise and settle this matter. This litigation has disclosed evidence on which defense counsel could have made a persuasive case for a more lenient sentence than the sentence imposed on Petitioner on November 25, 1991. In addition, evidence was available at the time of sentencing which would have supported a presentation by trial counsel for a lower sentence than was imposed, but counsel made no sentencing presentation whatsoever.

3. Prior to Petitioner's sentencing, defense counsel did not file any objections to the presentence report. At that time, there was a factual basis on which defense counsel could have advocated for a downward adjustment in the offense level recommended by the presentence report, for Petitioner's minor role in the offense [U.S.S.G. §3B1.2]. There was also a factual basis for seeking a downward departure under Sections 5K2.10 which counsel failed to assert and pursue. In the sentencing proceeding, trial counsel made no presentation on Petitioner's behalf beyond conceding the propriety of the sentence recommended in the presentence report. Had counsel

developed and presented the available evidence in support of the available claims for downward adjustment and downward departures described above, there was a reasonable possibility that the Court would have imposed a lower sentence than Petitioner actually received.

4. Permitting Petitioner to amend his Motion to assert this claim at this point in the proceedings is consistent with the provisions and purposes of Section 2255 and will not prejudice the Government, which assents to this motion. Allowing this motion will assist the court in disposing of this matter "as law and justice require." 28 U.S.C. § 2243.

5. Petitioner's proposed amendment is appended hereto and incorporated herein by this reference.

WHEREFORE, Petitioner Louis Pugliano requests an order permitting him to amend his Section 2255 motion by filing the attached Amendment To Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255.

Respectfully submitted,
LOUIS PUGLIANO, PETITIONER

By_____
John M. Thompson
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103
[413] 739-2100
Federal Bar # CT15144

3

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing document has been served upon Assistant United States Attorney Peter Jongbloed by private courier, 157 Church Street, 23rd Floor, New Haven, CT 06508, this 29th day of November, 2006.

John M. Thompson