UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 DEC 15 P 12: 07

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1145 [AHN] |
| | ) | |
| GAETANO MILANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1171 [AHN] |
| | ) | |
| LOUIS PUGLIANO | ) | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. H-90-18 |
| vs. | ) | Civ. No. 3:95CV1330 [AHN] |
| | ) | |
| FRANK A. PUGLIANO | ) | |

PETITIONER LOUIS PUGLIANO'S MEMORANDUM
IN SUPPORT OF AMENDMENT TO
MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. §2255

With the Government's assent, Petitioner Louis Pugliano has moved to amend his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. §2255 by adding the following:

Paragraph 12(D): There were available grounds codified in the United States Sentencing Guidelines which would have supported a sentence less than that imposed

1

on me but my trial counsel did not make any sentencing presentation on my behalf. The trial record supports a claim that my role in the murder of William Grasso was a minor one and that my offense level could have been adjusted downward on that basis. The trial record also provides an evidentiary basis for a downward departure on the ground that the victim's conduct contributed to the crime [Section 5K2.10]. The record establishes that defense counsel did not object to the omission of these claims from the presentence report and made no oral written or oral presentation to the Court regarding my sentence. Had defense counsel pursued these grounds for reducing my sentence, there is a reasonable probability that my sentence would have been less than the sentence actually imposed on me on November 25, 1991.

These uncontested allegations establish that Petitioner received ineffective assistance of counsel at sentencing. Glover v. United States, 531 U.S. 198 (2001); Johnson v. United States, 313 F3d 815 (2nd Cir. 2002). This claim is properly raised for the first time in a Section 2255 petition. Johnson, 313 F3d at 817.

Ineffective assistance of counsel is established when the petitioner demonstrates that his trial counsel's performance fell below the "range of competence demanded of attorneys" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding probably would have been different." Johnson, 313 F3d at 818; Glover, 531 U.S. at 204. When the sentencing guidelines were mandatory, they were a "critical...facet of federal criminal proceedings [and] familiarity with the structure and basic content of the Guidelines [was] a necessity for counsel who seek to give effective representation." Johnson, 313 F3d at 818, quoting United States v. Day, 969 F2d 39, 43 (3rd Cir. 1992). Where an increased prison term

2

results from a trial counsel's unprofessional errors, prejudice has been established regardless of the amount by which the resulting sentence is greater than it would have been had the error not been made. Glover, 531 U.S. at 200, 204.

Petitioner was convicted by jury trial of RICO conspiracy [count 1], VICAR conspiracy [count 3] and VICAR [count 4]. The maximum statutory penalty for counts 1 and 4 were each life imprisonment and ten years imprisonment for count 3. In its presentence investigation report, the Probation Office calculated an adjusted offense level of 43 and a criminal history of 1 for Petitioner. Defense counsel offered only minor, inconsequential objections to the presentence investigation report and made no written or oral presentation on Petitioner's behalf regarding the appropriate sentence to be imposed. Petitioner was sentenced on November 25, 1991 to life imprisonment.

Two grounds for advocating a reduction in the guidelines calculations were supported by the trial record but were not asserted by trial counsel. First, Petitioner's role in the offense was a minor one. The victim was murdered on June 13, 1989. The evidence established that the other members of the murder conspiracy had made plans and attempted to carry them out on three earlier occasions, and that Petitioner was not involved in either the planning or the earlier attempts. In essence, he was recruited at the last minute to take the place of another individual who was slated to drive the van in which the murder occurred. Under Section 3B1.2, Petitioner could have been considered for a downward adjustment of 2 points as a minor participant because his role was less culpable than that of the other participants but was not minimal. A two-point adjustment would have reduced his adjusted offense level to 41 and his Guidelines range to 324-405 months. In the unusual circumstances of this case,

counsel could have argued for a further downward departure on the ground that Petitioner's "minor" role was not within the "heartland" of such cases as considered by the Sentencing Commission. United States v. Restrepo, 936 F2d 661 (2nd Cir. 1991).

Second, Petitioner was eligible for consideration for a downward departure under Section 5K2.10, based on the victim's conduct. The victim was the head of an organized crime faction, posed a dire threat to the lives of Mr. Milano and his associates owing to both his record of murdering those he regarded as enemies and to his menacing conduct toward the defendants in the days immediately preceding the murder. Based on the information he received from his co-conspirators Petitioner reasonably believed the victim intended to kill them. Where the victim's wrongful conduct contributed significantly to provoking the defendant's actions, downward departures under this section have been granted and upheld. United States v. Dailey, 24 F3d 1323 (11th Cir. 1994).

Petitioner's point here is simply that legitimate grounds existed for challenging the Probation Department's guidelines calculations and that, had defense counsel made the available presentation, there is a reasonable probability that the Court might have imposed a sentence of less than life imprisonment. Petitioner's codefendant Frank Colantoni, Jr. was convicted on the same counts as Petitioner. His Guidelines scores [criminal history 2, adjusted offense level 43] were similar to, but somewhat higher than Petitioner's and he was more heavily involved in the conspiracy than Petitioner was, in the sense that Mr. Colantoni had participated in at least one earlier attempt to kill the victim. When he was sentenced on November 26, 1991 his counsel advocated passionately for a lower sentence on similar grounds to those asserted now

by Petitioner. Mr. Colantoni's adjusted offense level was set at 33 and he was sentenced to 151 months on counts 1 and 4, and to 120 months on count 3. This is evidence that Petitioner's sentence might well have been lower than life imprisonment had his counsel advocated for him at sentencing.

Where, as here, there is no plausible explanation for counsel's failure, no hearing is required to determine that counsel's representation was deficient. <u>Johnson</u>, 313 F3d at 818; <u>Jackson v. Leonardo</u>, 162 F3d 81, 86 (2nd Cir. 1998). Where ineffective assistance of counsel at sentencing has been established in a Section 2255 case, the appropriate remedy is resentencing. <u>Johnson</u>, 313 F3d at 819. Accordingly, Petitioner requests that the Court find that his counsel was ineffective in representing Petitioner at sentencing, and order that he be resentenced.

Respectfully submitted,
LOUIS PUGLIANO, PETITIONER

By /s/ John M. Thompson
John M. Thompson
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103
[413] 739-2100
Federal Bar # CT15144

### Certificate of Service

I hereby certify that a true and accurate copy of the foregoing document has been served upon Assistant United States Attorney Peter Jongbloed in hand, this 12th day of December, 2006.

/s/ John M. Thompson
John M. Thompson