UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **FILED** |
| V. | : | |
| | : | CRIMINAL NO. 2:90CR00018(AHN) |
| LOUIS PUGLIANO, | : | CIVIL NOS.   3:95CV1171(AHN) |
| FRANK PUGLIANO, and | : |                       3:95CV1145(AHN) |
| FRANK COLANTONI | : |                       3:95CV1330(AHN) |
| | : |                       3:97CV409(AHN) |

## STIPULATION OF DISMISSAL

The parties, the United States of America, and the petitioners, Louis Pugliano, Frank Pugliano and Frank Colantoni, hereby stipulate and agree as follows:

First, following a jury trial, petitioners Louis Pugliano, Frank Colantoni, Jr., and Frank Pugliano were convicted of federal offenses stemming from their involvement in the murder of the Patriarca LCN Family underboss in June 1989. Louis Pugliano and Colantoni were convicted of RICO conspiracy (18 U.S.C. § 1962(d)), violent crime in aid of racketeering (Conspiracy to Murder)(18 U.S.C. § 1959(a)(5)), and the substantive offense of violent crime in aid of racketeering (Murder)(18 U.S.C. § 1959(a)(1)). Frank Pugliano was convicted of RICO conspiracy (18 U.S.C. § 1962(d)) and violent crime in aid of racketeering (Conspiracy to Murder)(18 U.S.C. § 1959(a)(5)), as well as a wire fraud offense concerning an illegal gambling game (18 U.S.C. § 1343). On November 25, 1991, Louis Pugliano was sentenced to an effective term of life imprisonment, a five-year term of supervised release on the RICO conspiracy count, a $50,000 fine, the monthly cost of supervised release, and a $150 special assessment. On November 26, 1991, Colantoni was sentenced to 151 months' imprisonment, a three-year term of supervised release, and a $150 special assessment. On November 25, 1991, Frank Pugliano was sentenced to an effective term of imprisonment of 151 months, a three-year term of supervised release, a $50,000 fine, the monthly cost of supervised release, and a $250 special assessment;

Second, the petitioners do not contest the validity of their convictions or the fact that they are legally and factually guilty of those acts of which the jury found them guilty;

Third, the petitioner Louis Pugliano has amended his habeas petition to include a claim that he received ineffective assistance of counsel at his sentencing hearing and that had his counsel effectively represented him, it would have impacted the sentence imposed by the Court;

Fourth, the Government will take no position on the petitioner Louis Pugliano's amended petition relating to ineffective assistance of counsel at his sentencing hearing and will leave it to the Court as to whether to grant the petition and resentence the petitioner;

Fifth, should the Court grant Louis Pugliano's amended petition based on ineffective assistance of counsel and order a resentencing, Louis Pugliano will, at the time of resentencing, accept responsibility for his role in the murder and explain the nature of his involvement in the murder. He will also explain why it is he went to trial on the murder charges;

Sixth, should the Court grant Louis Pugliano's amended petition and order a resentencing, Louis Pugliano, whom the parties acknowledge is suffering from several medical problems, will seek a sentence of time served and the Government will seek a sentence of 20 years' imprisonment, a five-year period of supervised release, and payment of the outstanding fine;

Seventh, this stipulation is not an admission of any wrongdoing nor should it be construed as any admission of wrongdoing by the Government or any representative of the Government and may not be used as precedent, binding or persuasive, in any proceeding of any kind, whether civil, criminal, or administrative, in any court or before any tribunal;

Eighth, petitioners Louis Pugliano, Frank Pugliano and Frank Colantoni shall withdraw, with prejudice and without attorneys' fees or costs of any kind, all pending claims and appeals concerning these cases, and forever waive any and all claims that might be brought now or in the

2

future concerning the activities that led to their charges and convictions or the investigation of such activities.

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY

PETER S. JONGBLOED
CHIEF, CRIMINAL DIVISION

JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700

JOHN M. THOMPSON, ESQ.
1331 MAIN STREET, SUITE 320
SPRINGFIELD, MA 01103

VINCENT BONGIORNI, ESQ.
95 STATE STREET
SPRINGFIELD, MA 01103

MICHAEL FITZPATRICK, ESQ.
10 MIDDLE STREET, 11TH FLOOR
BRIDGEPORT, CT 06604

LOUIS PUGLIANO
PETITIONER

FRANK PUGLIANO
PETITIONER

FRANK COLANTONI
PETITIONER

3